Curia, per

O’Neall, J.
The covenant to build the defendant’s house was certainly prepared with great care •, it has descended to the most minute particulars ; and if the plaintiff has not complied with it, in every respect, it may be, that the defendant would be entitled to his motion for nonsuit. But when I say that, I do not mean to say that the plaintiff is bound to prove that he has hung every window shutter right, and planed to exactness every mantel. It is sufficient, on a motion for nonsuit, if the plaintiff has shewn generally that the work was done, or that the defendant expressed himself satisfied therewith; or that he was satisfied with a part of the work, and the *613 defect of the part he was dissatisfied with, either arose from the defect of the material, which the defendant was bound to. furnish, or that the plaintiff was not bound to'do that which was claimed.
I have examined into- the defendant’s objections here, and it seems to me that they are covered by one or other of these propositions.
It was proved by Dun, that the defendant said to him, he did not object to the carpenter’s work. This at once, so far as the motion for nonsuit was concerned, swept away the whole of the defendant’s objections about the windows mentioned in the lower story, the style of the work, the manner of hanging the window shutters, so as to open against the railing of the porticoes, the bad fitting of the doors, the execution of the mantel pieces, and various small objections, which might be critically taken to any building.
The objection to the plastering is answered by Dun’s testimony, which attributed the defect to the lime which the plaintiff furnished.
The hearths are not mentioned at all in the contract; and it may be, that the plaintiff was not ’ at all bound to lay them. That I would say must be now concluded, when the jury have so found. For it is considered, I think, a settled rule with bricklayers, that they are not bound to lay the hearths under the contract to build chimneys.
These remarks sufficiently shew that the defendant is not entitled to a nonsuit, and that it was very properly refused by the Judge below. Failing in that, he has no cause to complain of the verdict. For he failed to shew any damage resulting to him from what he supposed to be plaintiff’s failure to perform his contract.
It appears from the report of the Judge, that he not only submitted this matter to the jury, but also the precedent matter, the performance of the contract. As to interest on the defendant’s payments, that cannot be allowed. They were to be deducted, when made, and if the plaintiff’s contract was then *614 bearing interest, they of course diminished the future interest by paying the past interest, and then diminishing the interest-bearing fund. If paid before it was due, then they are regarded as payments in advance, made by the liberality of the defendant ; but he is not entitled to charge interest upon them, without some stipulation to that eifect.
The motion for a nonsuit, or new trial, is dismissed.
Evans, Withers and Whitner, JJ., concurred.
Frost, J., absent at the argument.
Motion dismissed.